UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SE PROPERTY HOLDINGS, LLC,
as Successor by Merger with
VISION BANK,

Plaintiff,

v. Case No. 3:13cv6/MCR/CJK

HCB FINANCIAL CORP.,

Defendant.
_______________________________/

# FINAL JUDGMENT

This cause was tried before the Court, and final judgment is now entered:

(1) Final declaratory judgment is entered in favor of Plaintiff SE PROPERTY HOLDINGS, LLC, as Successor by Merger with VISION BANK and against HCB FINANCIAL CORP. in part on Counts I and II as follows:

(a) The Court declares void and terminates that portion of the Assignment and Assumption Agreement between GulfSouth Private Bank and HCB Financial Corp. dated June 26, 2012 (Plaintiff's Ex. 85, attached), which assigned Originating Bank and agency status to HCB Financial Corp., and the agency status under the VB Participation Agreement is Terminated.



(b) The Court declares void and terminates that portion of the Assignment of Judgment between GulfSouth Private Bank and HCB Financial Corp., dated June 26, 2012 (Plaintiff's Ex. 83, attached), which assigned SE Property Holdings, LLC's 44.9% equitable ownership interest in the North Tip deficiency judgment to HCB Financial Corp.

(c) The Court declares that Plaintiff SE Property is the equitable owner of 44.9% of the North Tip deficiency judgment dated March 29, 2011, and is entitled to engage in its own collection efforts on the North Tip deficiency judgment from the date of this Court's Order granting declaratory relief, September 24, 2015, forward until the sum of its *pro rata* share, $4,656,850.20 plus interest, is satisfied.

(2) As to all other claims, final judgment is entered in favor of Defendant HCB FINANCIAL CORP. and against Plaintiff SE PROPERTY HOLDINGS, LLC, as Successor by Merger with VISION BANK, which shall take nothing.

**DONE AND ORDERED** this17th day of February, 2016.

*M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

CFN # 1199932, OR BK 2893 Page 3648, Recorded 06/26/2012 at 03:36 PM, MARTHA INGLE, WALTON COUNTY CLERK OF COURT Deputy Clerk S SOTERA

This instrument prepared by

Henry H. Fox, Esq.
Berger Singerman
125 South Gadsden Street
Suite 300
Tallahassee, FL 32301

ASSIGNMENT OF JUDGMENT

THIS ASSIGNMENT OF JUDGMENT is made and entered into as of June 26th, 2012 (the "Effective Date") by and among GULFSOUTH PRIVATE BANK, a bank organized and existing under the laws of the State of Florida ("GulfSouth"), and HCB FINANCIAL CORP., a Florida corporation (together with its successors and assigns, "Assignee").

WHEREAS, GulfSouth was the owner and holder of certain loans made to North Tip Development, LLC which loans were secured by certain mortgages and guarantees (collectively the "Loan");

WHEREAS, GulfSouth filed that certain civil action styled GulfSouth Private Bank v. North Tip Development, LLC, et al., Circuit Court of Walton County, Florida, Case No. 2009-CA-2050 (the "Lawsuit"), foreclosed the lien of the mortgage granted as security for the Loan, and obtained against the defendants in the Lawsuit by that certain Deficiency Judgment, dated March 29, 2011, entered in the Lawsuit in favor of GulfSouth and against Defendant North Tip Development, LLC and certain guarantors; and a certified copy thereof was recorded in the public records of Walton County, Florida, in Official Records Book 2862, Page 3464 (the "Deficiency Judgment");

WHEREAS, a judgment lien certificate was filed in the Florida Central Judgment Lien Registry with the Secretary of State of Florida under File # J11000215454 on April 11, 2011;

WHEREAS, Assignor desires to assign, transfer, set over and deliver to Assignee all of Assignor's right, title and interest in the Judgment, including the right to prosecute, settle and otherwise dispose of same;

NOW, THEREFORE, in consideration of the sum of Ten Dollars and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged,

1. Assignor hereby unconditionally assigns, transfers, sets over and delivers to Assignee all of Assignor's right, title and interest in and to the Judgment including the right to prosecute, settle and otherwise dispose of same, and all to the effect as if Assignee were the plaintiff named in the Case and the party originally named in the Judgment as the holder thereof.

2. Assignor represents and warrants to Assignee that (a) this Assignment has been duly authorized, executed and delivered by Assignor and is the legal, valid and binding agreement of Assignor, enforceable in accordance with its terms; (b) Assignor is the sole owner

PLAINTIFF'S EXHIBIT 83
3:13-cv-6-MCR

and holder of the Judgment, and has not assigned, pledged or otherwise encumbered the Judgment or any of its rights in respect thereof; and (c) the signatory below has been duly authorized to execute and deliver this Assignment on behalf of Assignor.

3. This Assignment shall be binding upon Assignor and its successors and assigns and shall inure to the benefit of Assignee and its successors and assigns. This Assignment shall be governed by the laws of the State of Florida, exclusive of its choice of law principles.

IN WITNESS WHEREOF, GULFSOUTH PRIVATE BANK has executed this Assignment of Judgment as of the Effective Date.

Witnesses:

Christy Mooney
Name: Christy Mooney

[signature]
Name: Scott M. Campbell

ASSIGNOR:

GULFSOUTH PRIVATE BANK, a bank organized and existing under the laws of the State of Florida

By: [signature]
Name: Purser L. McLeod Jr.
Its: President & CEO

STATE OF FLORIDA )
) ss:
COUNTY OF Okaloosa )

The foregoing instrument was acknowledged before me this 21st day of June, 2012 by Purser L. McLeod Jr., as President & CEO of GULFSOUTH PRIVATE BANK, a, a bank organized and existing under the laws of the State of Florida on behalf of said bank. He is personally known to me or produced Alabama Driver License as identification.


CHRISTY MOONEY
COMMISSION # EE 87394
EXPIRES: JULY 6, 2015

Christy Mooney
Notary Public, State of Florida
Print Name: Christy Mooney
Commission Number: ______
My Commission Expires: ______

4413078-1
6/19/12

# ASSIGNMENT AND ASSUMPTION AGREEMENT

This ASSIGNMENT AND ASSUMPTION AGREEMENT (this "Assignment") is made as of June 26, 2012 (the "Effective Date"), by and between GULFSOUTH PRIVATE BANK, a bank organized and existing under the laws of the State of Florida ("Assignor"), and HCB FINANCIAL CORP., a Florida corporation (together with its successors and assigns, "Assignee"). Capitalized terms used in this Assignment, if not otherwise defined herein, shall have the respective meanings ascribed such terms in the Assignment Agreement (as defined herein).

WITNESSETH:

WHEREAS, GulfSouth was the owner and holder of certain loans made to North Tip Development, LLC and guaranteed by Olson & Associates of NW Florida, Inc.; Carl Richard Olson, Jr.; Elaine Olson; Rupert E. Phillips; Sandra K. Phillips; which loans were secured by certain mortgages (collectively the "Loan");

WHEREAS, GulfSouth assigned and sold participatory interests in the Loan to Central Progressive Bank (44.9%), Vision Bank (44.9%), and Bank of Vernon (1.21%) pursuant to Participation Agreements with each participant, and continued to act as the Originating Bank pursuant to those certain Participation Agreements listed on Exhibit A attached hereto and incorporated by this reference;

WHEREAS, Assignor and Assignee are parties to (i) that certain Agreement to Assign Participation Interests dated as of June 26, 2012, and (ii) that certain Assignment of GulfSouth Interests dated as of June 26, 2012 (together, the "Assignment Agreements"), pursuant to which Assignor agreed to assign, and Assignee agreed to assume, among other things, Assignor's benefits, rights, title, interest, duties and obligations in, to, and under the Participation Agreements;

NOW, THEREFORE, in consideration of the mutual covenants and agreements of the parties set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1. ASSIGNMENT OF PARTICIPATION AGREEMENTS. Assignor does hereby grant, bargain, sell, assign, transfer and set over unto the Assignee all of Assignor's rights, title, interest, duties and obligations in, to, and under the Participation Agreements, including, without limitation, all of Assignor's rights, title, interest, duties, and obligations, as "Originating Bank" under the Participation Agreements.

2. ASSUMPTION OF PARTICIPATION AGREEMENTS. Assignee hereby assumes all of Assignor's rights, title, interest, duties and obligations in, to, and under the Participation Agreements, including, without limitation, all of Assignor's rights, title, interest, duties and obligtions as "Originating Bank" under the Particpation Agreements.

3. INDEMNIFICATION OF ASSIGNEE. Assignor shall indemnify and hold harmless Assignee, its successors, legal representatives and assigns, from and against any and all

PLAINTIFF'S EXHIBIT 85
3:13-cv-6-MCR

claims, demands, liabilities or obligations, including, without limitation, costs of court and attorney's fees, arising out of, or based upon any alleged violation or non-performance on the part of Assignee of any obligation under the Participation Agreements, or any of them, relating to any period of time before the date of this Assignment.

4. INDEMNIFICATION OF ASSIGNOR. Assignee shall indemnify and hold harmless Assignor, its successors, legal representatives and assigns, from and against any and all claims, demands, liabilities or obligations, including, without limitation, costs of court and attorney's fees, arising out of, or based upon any alleged violation or non-performance on the part of Assignee of any obligation under the Participation Agreements, or any of them, relating to the period of time following the date of this Assignment.

5. REPRESENTATIONS AND WARRANTIES. Assignor hereby represents and warrants that Assignor has all requisite authority and power to make this Assignment and has made no previous assignment of the Participation Agreements. Assignee hereby represents and warrants to Assignor that (i) Assignee is a sophisticated party, experienced in transactions similar to those contemplated hereby and is represented herein by legal counsel of its own selection; (ii) Assignee has independently reviewed the Participation Agreements and all relevant information pertaining to same; and (iii) except as set forth herein and in Assignment Agreements, Assignor has not made any warranty or representation regarding the Participation Agreements. The foregoing notwithstanding, this Assignment is made on an "AS IS" condition and basis, without recourse, without representations or warranties, express or implied, of any type, kind or character, except as expressly set forth in the Assignment Agreements, which agreements survive execution of this Assignment.

6. RELIANCE BY THIRD PARTIES. From and after the date hereof, any other participating parties, banks, or other lenders under the Participation Agreements may rely upon this Assignment and look to the Assignee for fulfillment of any obligations under the Participation Agreements arising or occurring as of or after the Effective Date.

7. ADDITIONAL PROVISIONS. This Assignment shall be binding upon and inure to the benefit of the heirs, successors, administrators, executors and assigns of the respective parties. This Assignment may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and in pleading or proving any provision of this Assignment it shall not be necessary to produce more than one such counterpart. Each party hereto has been represented, or had the opportunity to be represented, by separate counsel in connection with the negotiation and drafting of this Assignment. Accordingly, this Assignment shall be interpreted without regard to any presumption or other rule requiring interpretation against the party causing this Assignment or any part thereof to be drafted. In the event any provision of this Assignment or any paragraph, sentence, clause or wording appearing in this Assignment shall prove to be invalid, void or illegal for any reason and same shall not materially interfere with the fairness of this Assignment or either party's ability to perform its other obligations under this Assignment, then such invalidity, voidance or illegality shall not affect, impair or invalidate any other provision of this Assignment, and the remaining terms and provisions of this Assignment shall nevertheless remain in full force and effect. In the event a dispute arises between Assignor and Assignee

related to or arising out of any breach or alleged breach of this Assignment, or any representation, covenant or warranty contained in this Assignment, and such dispute gives rise to any administrative proceeding, arbitration, court action or other legal process or proceeding, then, the prevailing party in such dispute shall be entitled to reimbursement from the non-prevailing party for all losses, damages, costs, liabilities or expenses reasonably incurred by the prevailing party in furtherance of or defense of said action, process or proceeding, including, without limitation, reasonable attorney's fees whether incurred in preparation for or conduct of trial, administrative or arbitration proceedings, appellate proceedings, or post-judgment proceedings. This Assignment and all transactions contemplated by this Assignment shall be governed by and construed and enforced in accordance with the internal laws of the State of Florida, without regard to principles of conflicts of laws, except to the extent preempted by the federal laws of the United States.

IN WITNESS WHEREOF, the parties have executed this Assignment as of the Effective Date.

ASSIGNOR:

GULFSOUTH PRIVATE BANK, a bank organized and existing under the laws of the State of Florida

By: [signature]
Name: Murser L. McLeod Jr.
Its: President & CEO

ASSIGNEE:

HCB FINANCIAL CORP., a Florida corporation

By: [signature]
Joe Dobson
Its: President

4413028-1
6/19/12

Case 3:13-cv-00006-MCR-CJK Document 101-13 Filed 08/13/13 Page 4 of 4

EXHIBIT A

PARTICIPATION AGREEMENTS

Non-Recourse Participation Agreement between GulfSouth Private Bank, a bank organized and existing under the laws of the State of Florida, and Bank of Vernon, a bank organized and existing under the laws of the State of Alabama, dated as of September 4, 2007

Non-Recourse Participation Agreement between GulfSouth Private Bank, a bank organized and existing under the laws of the State of Florida, and Vision Bank, a bank organized and existing under the laws of the State of Florida, dated as of September 4, 2007

Non-Recourse Participation Agreement between GulfSouth Private Bank, a bank organized and existing under the laws of the State of Florida, and Central Progressive Bank, a Louisiana state non-member bank, dated as of September 4, 2007