# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**OLSON & ASSOCIATES OF**
**NW FLORIDA INC, et al.,**

    **Plaintiffs,**

v.                                                                 Case No. 3:16cv250-MCR/CJK

**SE PROPERTY HOLDINGS LLC;**
**HCB FINANCIAL CORP;**
**RUPERT E PHILLIPS; and**
**SANDRA K PHILLIPS,**

    **Defendant.**

_____/

# ORDER

Defendant SE Property Holdings, LLC's ("SE Property") timely removed this case from state court on June 2, 2016. The Plaintiffs, Olson & Associates of NW Florida Inc., Carl Richardson Olson, and Elaine Olson (the "Olsons"), and Defendants Rupert and Sandra K. Phillips (the "Phillipses") filed timely Motions to Remand, ECF No. 10 & 11, arguing the court lacks subject matter jurisdiction because diversity of citizenship is lacking. SE Property opposes remand, arguing fraudulent joinder and that diversity exists when the parties are appropriately realigned. Having fully reviewed the matter, the court finds that the motions to remand are due to be denied.

Case No. 3:16cv250-MCR/CJK

**Background**

The Olsons along with Defendants Rupert and Sandra K. Phillips, are debtors jointly and severally liable for a state court deficiency judgment against them and North Tip Development, LLC, in the total amount of $10,371,604.03 (the "North Tip deficiency judgment"). SE Property and HCB Financial Corp. ("HCB") are creditors on the judgment.

By way of background, several banks participated in the original loan in various amounts through a Participation Agreement with terms that designated the "Originating Bank" as agent for the participating banks.[1] After the loan fell into default, the secured property was sold and the North Tip deficiency judgment was entered in favor of the Originating Bank (GulfSouth Private Bank) and against the borrower (North Tip Development, LLC) and the individual guarantors (the Olsons and the Phillipses). GulfSouth assigned its share and its Originating Bank status to HCB Financial Corp. ("HCB"). In a prior suit in this court, SE Property, which is a participating bank with an interest in the North Tip deficiency judgment, sued HCB for its failure to collect on the judgment and sought a declaration that the assignment

---

[1] Colonial Bank, predecessor to GulfSouth Private Bank, was the original Originating Bank, followed by GulfSouth. GulfSouth subsequently assigned its Originating Bank status as well as its pro rata share in the loan and deficiency judgment to HCB Financial Corp. SE Property, successor of Vision Bank by merger, was a participating bank.

Case No. 3:16cv250-MCR/CJK

of Originating Bank status to HCB was void due to HCB's conflict of interest. Following a bench trial, this court agreed with SE Property and entered judgment declaring that the assignment of Originating Bank status to HCB was void and also that SE Property has the right to engage in its own collection efforts on the North Tip deficiency judgment up to the sum of its *pro rata* interest/share of $4,656,850.20.[2] *See SE Property Holdings, LLC v. HCB Fin. Corp.*, Case No. 3:13cv6-MCR/CJK (final judgment, ECF No. 392) (attached to the Notice of Removal in the instant case, ECF 1-2) ("the *SE Property* judgment").

In the instant action, the Olsons seek a declaration that SE Property is not permitted to engage in collection efforts against them based on the *SE Property* judgment because they were not parties to the suit, they did not consent to any assignment of a portion of the North Tip deficiency judgment, they do not have the means to satisfy the North Tip deficiency judgment, and allowing SE Property to engage in collections would result in duplicative proceedings against them on the

---

[2] In relevant part, the court found that an irreconcilable conflict of interest precluded HCB from acting as Originating Bank under the Participation Agreement because HCB was effectively controlled by a judgment debtor, Rupert Phillips, and thus could not fulfill its agency status as Originating Bank under the agreement. *See SE Property Holdings, LLC v. HCB Fin. Corp.*, Case No. 3:13cv6-MCR/CJK. The court did not disturb the assignment to HCB of an interest/share of the Participation Agreement but voided the separate assignment of Originating Bank status and terminated its agency status. An appeal of that judgment was dismissed with prejudice on June 6, 2016.

Case No. 3:16cv250-MCR/CJK

same judgment. HCB and the Phillipses are also named as defendants in this declaratory judgment action.

SE Property filed a timely notice of removal to this court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), arguing that diversity of citizenship exists when the parties are properly aligned according to their actual interests in the litigation.[3] SE Property also argues that HCB and the Phillipses have been improperly joined to defeat diversity jurisdiction. The Olsons and the Phillipses move to remand for lack of subject matter jurisdiction.

**Discussion**

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Removal is appropriate where diversity jurisdiction is established. *See* 28 U.S.C. § 1441. Diversity jurisdiction exists where the matter in controversy involves citizens of different states and "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The Eleventh Circuit favors remand and construes removal statutes narrowly and instructs that where jurisdiction is in doubt, "uncertainties are resolved in favor of remand."

---

[3] The Complaint asserts that the Olsons are residents of Florida; Defendant SE Property is an Ohio limited liability company; Defendant HCB is a Florida corporation, with its principal place of business in Florida; and Defendants Rupert and Sandra K. Phillips (listed in the Complaint as "nominal defendants") maintain their residence in Florida.

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The court must remand the case to state court if any defendant properly joined is a citizen of the state in which suit is brought. *See Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006); *see also* 28 U.S.C. § 1441(b).

### A. Fraudulent Joinder

It is well established that federal diversity jurisdiction cannot be purposefully defeated by improperly joining a non-diverse party. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Joinder of a non-diverse party is deemed fraudulent (1) "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant," (2) where there is outright fraud in pleading jurisdictional facts, or (3) where a non-diverse defendant is joined but has no joint, several or alternative liability to the diverse defendant and there is no real connection between claims against the diverse and non-diverse defendants. *Id.* The citizenship of any non-diverse defendant fraudulently joined solely to defeat federal diversity jurisdiction must be ignored. *See Henderson*, 454 F.3d at 1281. On the other hand, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case

to state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation omitted).

As drafted, the Complaint lacks diversity of citizenship on its face,[4] but SE Property argues that the Phillipses and HCB have been fraudulently joined. There is no outright fraud in the Complaint's pleading of jurisdictional facts, but it is also clear that the Olsons seek no relief against the Phillipses or HCB. The Olsons instead request a declaratory judgment that SE Property cannot enforce this court's prior judgment against them by bringing its own collection efforts on the North Tip deficiency judgment. In the declaratory judgment context, a resident defendant is deemed fraudulently joined if it has no interest in the action and will suffer no prejudice if the action proceeds in its absence. *See Drummond Co. v. General Reinsurance Corp.*, 6:15-cv-01806-JHE, 2016 WL 4993276, at *4 (N.D. Ala. Sept. 19, 2016) (*Earnest v. State Farm Fire & Cas. Co.*, 475 F. Supp. 2d 1113, 1116-17 (N.D. Ala. 2007)). Under Florida law, the parties to a declaratory judgment action "[must] have or reasonably may have an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law." *Coalition for Adequacy and Fairness in School Funding, Inc. v. Chiles*, 680 So. 2d 400, 404 (Fla. 1996). "If there

---

[4] The amount in controversy is satisfied.

is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." *Triggs*, 154 F.3d at 1287.

Looking to the Complaint, the court finds no claim stated, nor any possibility of a cause of action being stated, by the Olsons against HCB on the facts alleged. HCB is bound by the *SE Property* judgment, that judgment gives no rights to HCB that would be impacted by the Olsons' suit for declaratory relief to preclude SE Property from engaging in collection efforts, and HCB's right to collect is unaffected by this suit. Thus, HCB can only have been joined in an effort to defeat diversity jurisdiction and therefore its citizenship will be ignored.

As to the Phillipses, however, there is a possibility that their rights, as co-debtors with the Olsons, could be impacted by this declaratory suit. As co-debtors, they have a present or potentially antagonistic interest in SE Property's ability to bring collection efforts pursuant to the *SE Property* judgment, and therefore, the court cannot conclude that their joinder was fraudulent. Because the Phillipses are properly joined and they are non-diverse parties, remand is required unless, as SE Property argues, their designation as defendants in the litigation must be realigned.

## B. Realignment of Parties

SE Property argues that the Phillipses interests align with that of the Olsons, not as defendants, and on review of the Complaint, the court agrees. Although "all doubts about jurisdiction should be resolved in favor of remand," there exists "a strong federal preference to align the parties in line with their interests in the litigation." *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313-14 (11th Cir. 2012) (internal quotations omitted). For purposes of federal law and removal, the parties can neither confer nor avoid federal diversity jurisdiction by reason of their own party designations; the federal court must "look beyond the pleadings" and determine where the parties' interests lie. *Id.* (quoting *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 16 n. 5 (1989)). The court must realign the parties to reflect their interests in the suit based on "the principal purpose of the suit" and "the primary and controlling matter in dispute.'" *Id.* (quoting *City of Indianapolis v. Chase Nat'' Bank*, 314 U.S. 63, 69 (1941)). Parties who share the same interests must be aligned together even if their "interests [a]re in opposition outside of the issues raised in the subject action." *Id.* at 1314.

Based on the allegations of the Complaint, the interests of the co-debtors are aligned against SE Property in this litigation. Any declaration of rights in favor of

the Olsons in this suit could also favor the Phillipses. Although their interests might be antagonistic to one another in matters outside this action because they are jointly liable on the debt, the Olsons have not asserted a claim for contribution in this suit nor are there facts alleged in the Complaint to support such an action at this time. For purposes of the issue the Olsons seek to litigate, i.e., SE Property's rights to engage in independent collection efforts, the Olsons' interests are not adverse to the interests of the Phillipses. Thus, the citizenship of Rupert and Sandra K. Phillips will also be disregarded for purposes of the diversity inquiry. When the parties are properly aligned according to their interests in this litigation, diversity of citizenship exists, and remand must be denied.

Accordingly, the pending Motions to Remand, ECF Nos. 10 and 11, are **DENIED**.

**DONE AND ORDERED** on this 14th day of November, 2016.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

Case No. 3:16cv250-MCR/CJK